## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAXINE CATLIN, | : | |
| Plaintiff | : | No. 3:16-CV-0249 |
| | : | |
| v. | : | (Judge Nealon) |
| | : | |
| CAROLYN W. COLVIN, Acting | : | (Magistrate Judge Carlson) |
| Commissioner of Social Security, | : | |
| Defendant | : | |

FILED
SCRANTON
JAN 0 9 2017
PER
DEPUTY CLERK

### MEMORANDUM

### Background

On February 11, 2016, Plaintiff, Maxine Catlin, filed a complaint seeking

review of the Commissioner of the Social Security Administration's

("Commissioner") denial of her application for supplemental security income

under Title XVI of the Social Security Act. (Doc. 1). On April 25, 2016,

Defendant filed an Answer and Transcript. (Docs. 8 and 9). On June 8, 2016,

Plaintiff filed a brief in support. (Doc. 11). On July 11, 2016, Defendant filed a

brief in opposition. (Doc. 14). On July 20, 2016, Plaintiff filed a reply brief.

(Doc. 16). A Report and Recommendation ("R&R") was issued by United States

Magistrate Judge Martin C. Carlson on December 19, 2016, recommending that

the appeal be granted, the decision of the Commissioner be vacated, and the matter

be remanded to the Commissioner for further proceedings. (Doc. 18). Objections

were due by January 3, 2017, but were not filed by either party. Having reviewed

the reasoning of the Magistrate Judge for clear error in the absence of objections,

the R&R will be adopted, the appeal will be granted, the decision of the

Commissioner will be vacated, and the matter will be remanded to the

Commissioner for further proceedings.

**Standard of Review**

When neither party objects to a magistrate judge's report and

recommendation, the district court is not statutorily required to review the report,

under de novo or any other standard.  Thomas v. Arn, 474 U.S. 140, 152 (1985);

28 U.S.C. § 636(b)(1)(C).  Nevertheless, the Third Circuit Court of Appeals has

held that it is better practice to afford some level of review to dispositive legal

issues raised by the report.  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir.

1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555

(M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record

for plain error or manifest injustice").  In the absence of objections, review may

properly be limited to ascertaining whether there is clear error that not only affects

the rights of the plaintiff, but also seriously affects the integrity, fairness, or public

reputation of judicial proceedings.  Cruz v. Chater, 990 F. Supp. 375, 377 (M.D.

Pa. 1998) (Vanaskie, J.).

## Discussion

Upon review of the present appeal, it is concluded that the Magistrate Judge did not err in finding that substantial evidence does not support the administrative law judge's ("ALJ") decision that Plaintiff was not disabled.   The Magistrate Judge appropriately sets forth the standard for reviewing a Social Security appeal and the sequential evaluation process used by an administrative law judge to determine whether the claimant is disabled, which is herein adopted.  (Doc. 18, pp. 12-16).  The Magistrate Judge also thoroughly reviews the medical records and the ALJ's decision, also herein adopted.  (Id. at pp. 1-11).  Magistrate Judge Carlson then addresses Plaintiff's assertion that the ALJ erred in focusing on her sexual history in determining her credibility, and, after a discussion of relevant case law regarding credibility determination, ultimately determines the following:

> . . . [W]e find that this analysis rests upon entirely false, erroneous, and wholly inappropriate equivalence drawn by the ALJ which somehow equated sexuality and reported sexual violence with social functioning.  This conclusion is not only wrong; it flies in the face of case law which has long recognized sexual violence and sexually inappropriate behavior as evidence of impairment, and not proof of social functioning skill.  See e.g., Pounds v. Astrue, 772 F. Supp. 2d 713, 728 (W.D. Pa. 2011); Sheriff v. Barnhart, 244 F. Supp. 2d 412, 421 (W.D. Pa. 2002).  The ALJ's decision suggests that a reported history of sexual abuse is proof of social competence.  It is not, and we cannot discern the degree to which this false equivalence colored the ALJ's final decision.  Therefore, the case should be remanded for further assessment of the evidence.

(Doc. 18, p. 23).

Neither party having objected to the Magistrate Judge's recommendations, and this Court having reviewed the R&R for clear error and having found none, Magistrate Judge Carlson's R&R will be adopted.  As such, Plaintiff's appeal will be granted, the decision of the Commissioner will be vacated, and the matter will be remanded to the Commissioner for further proceedings.

A separate Order will be issued.

**Date:** January 9, 2017

/s/ **William J. Nealon**
**United States District Judge**